**Kevin T. KAPLAN, Appellant–Petitioner,**

v.

**Karen S. (Kaplan) CUNNINGHAM, Appellee–Respondent.**

**No. 03A01–0106–CV–223.**

Court of Appeals of Indiana.

Oct. 31, 2001.

---

William M. Nash, Jones Patterson & Tucker, Columbus, IN, Attorney for Appellant.

James R. Admire, Jones Hoffman & Admire, Franklin, IN, Attorney for Appellee.

### OPINION

FRIEDLANDER, Judge.

Kevin Kaplan appeals the trial court's order modifying visitation. He presents the following restated issue for review: Did the trial court err in failing to adhere to the Indiana Parenting Time Guidelines

when it modified the original visitation order?

We affirm.

The trial court issued its decree dissolving the marriage of Kevin and Karen Kaplan[1] on February 19, 1999. Karen was awarded physical custody of their only child, A.R.K., who was born on September 21, 1997. Kevin was granted visitation generally as follows: every other weekend, on his days off from work from 6:00 p.m. the day before to 6:00 p.m. at the end of his day(s) off, two weeks in the summer, Father's Day, Thanksgiving, and Christmas Eve on odd numbered years, and Christmas Day on even numbered years. As a result of this visitation schedule and Kevin's work schedule,[2] he was able to exercise visitation with A.R.K. nearly fifty percent of the time. Kevin exercised his right to visitation regularly.

On February 1, 2000, Karen filed a petition to modify visitation. In her petition, she sought a "standard visitation order" to replace the original order that allowed visitation on Kevin's days off work. On February 17, Kevin filed a counter-petition, seeking to modify custody.

During the interim, Kevin's work schedule changed to a more traditional Monday through Friday schedule, effective February 12, 2001. This resulted in a significant reduction in his visitation, as Karen strictly followed the court order and did not allow him any regular visitation during the week, only allowing visitation every other weekend. Kevin subsequently filed, on February 20, his Petition and Application for Citation or in the Alternative Emergency Petition to Modify. Following a hearing on March 9, 2001, the trial court

---

1. Karen has since remarried and is now Karen Cunningham.

2. Kevin had a rotating work schedule in which one week he would work only on Wednesday and Thursday and the next week he would work on Monday, Tuesday, Friday, Saturday, and Sunday.

entered its order with respect to this petition. While the trial court found that no emergency existed, it proceeded to modify visitation as follows:

The Court finds that [Kevin] shall have visitation with the minor child on Tuesdays from 4:00 o'clock P.M., until time for pre-school on Wednesday mornings each week.

Further the Court orders that [Kevin] shall have (sic) be entitled to telephone contact with the minor child on Fridays during the time she is with [Karen], at 7:00 o'clock P.M.

*Appendix* at 23. With respect to the two petitions still pending, the trial court set a final modification hearing for April 16, 2001.

After the modification hearing, the trial court entered the following order on April 19, 2001:

Comes now [Karen] and petitions the Court to modify visitation to the standard guidelines, and comes now [Kevin] and requests that the Court changes custody to him and if custody is not changed, to extend his parenting time. After hearing testimony, receiving evidence, and listening to the court record wherein Judge Heimann dictated the parties his order, the Court finds:

1. That the Dissolution Decree entered on February 19, 1999 item (b) permits [Kevin] to have [A.R.K.] on all his days off work from 6:00 o'clock P.M. the day before to 6:00 P.M. at the end of his day(s) off.

2. That the verbal order enunciated by Judge Heimann in Court would allow [Kevin] one overnight period with [A.R.K.] during the week, but as written [Kevin] has had additional days with his daughter as a result of his work schedule giving him multiple days together during the week.

3. Since the dissolution several things have changed, but the most significant as it relates to this matter is that [Karen] has remarried, is in a stable relationship, and that she is a stay-at-home mother with [A.R.K.] and her older sister Amber. In addition [Kevin] now works 7:00 o'clock A.M., until 3:30 P.M., Monday through Friday.

4. That both parties testified that [Kevin] has always been given the parenting time ordered by the Court.

5. That since the dissolution was granted, the Court ordered on March 9, 2001 that the mid-week visitation be on Tuesdays from 4:00 o'clock P.M. until time for pre-school on Wednesday mornings of each week plus a phone contact with [A.R.K.] on Fridays during the time she is with [Karen] at 7:00 o'clock P.M.

6. *That there is no basis in fact or law to change custody or to modify parenting time beyond the modification to the Dissolution Decree, ordered by the Court on March 9, 2001.*

*Appendix* at 8–9 (emphasis supplied). Following the denial of his motion to correct error, Kevin initiated this appeal.

■ Kevin argues that the newly promulgated Parenting Time Guidelines (the Guidelines) were applicable to this case. He notes that the final modification hearing was held after the Guidelines' effective date, March 31, 2001. Kevin recognizes that the commentary to Guideline 1 (Scope of Application) states:

Variance from the Indiana Parenting Time Guidelines does not alone constitute good cause for amendment of an existing visitation order; however, a

court or parties to a proceeding may refer to these guidelines in making changes to a parenting time order after the effective date of the guidelines.

He further acknowledges that in the interest of judicial economy such commentary was necessary because, otherwise, the Guidelines' broad scope-of-application provisions[3] would invite every noncustodial parent to file petitions to modify their existing visitation orders. Kevin asserts, however, that this is not the type of case contemplated by the commentary and argues that "where, as here, a trial court finds that there has been a significant change in circumstances, unrelated to the adoption of the [Guidelines], sufficient to justify modification of an existing visitation order, adherence to the guidelines would not result in any additional burden upon judicial resources." Appellant's Reply Brief at 1–2. In such cases, he urges that the trial court should be required to adhere to the Guidelines. Kevin proposes, in essence, that we hold that once a trial court modifies a visitation order that was in existence prior to the adoption of the Guidelines, the court must further modify the order to comply with the Guidelines or explain the reasons for any deviation in writing.

We initially observe that the only modification in this case was ordered on March 9, 2001, prior to the effective date of the Guidelines. The trial court refused to grant any further modification in its April 19 order. Kevin's rationale and proposed rule would, therefore, not apply in this case.

■ Moreover, the commentary to Guideline 1, as set forth above, does not support Kevin's position. The commentary uses permissive terms and clearly provides that the trial court *may* refer to the Guidelines in making changes to an existing order after the effective date of the Guidelines. In light of this guidance[4] from our supreme court, we conclude that adherence to the Guidelines is not mandated in cases involving modification of orders that were in existence prior to the effective date of the Guidelines.

Judgment affirmed.

BAKER, J., and ROBB, J., concur.

---

3. The Guidelines provide two provisions under the scope of application heading:

    1. **Generally.** These Guidelines are applicable to all child custody situations, including paternity cases and cases involving joint legal custody where one person has primary physical custody. However, they are not applicable to situations involving family violence, substance abuse, risk of flight with a child, or any other circumstances the court reasonably believes endanger the child's physical health or safety, or significantly impair the child's emotional development.

    2. **Presumption.** There is a presumption that the Indiana Parenting Time Guidelines are applicable in all cases covered by these guidelines. Any deviation from these Guidelines by either the parties or the court must be accompanied by a written explanation indicating why the deviation is necessary or appropriate in the case.

4. Commentary to the Preamble provides that while the commentary is not an enforceable rule, it provides guidance in applying the rule.